UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-10-813-2 |
| | § | |
| IBA MWANGI LOWE | § | |

**OPINION AND ORDER**

Pending before the Court is the Defendant Iba Mwangi Lowe's ("Lowe") Motion to Suppress (Doc. 49), as well as the Government's response (Doc. 53), Lowe's Memorandum in Support of Suppression (Doc. 68), and the Government's amended response (Doc. 69). Upon careful review and consideration of this motion, the responses and replies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Lowe's motion should be denied.

I.  Background and Relevant Facts

On October 27, 2010, at approximately 12:30 A.M., members of the U.S. Secret Service conducting surveillance of a 2007 BMW observed Defendant Lowe enter the vehicle. (Doc. 49 at 1–2.) Officers of the Houston Police Department then conducted a traffic stop of the vehicle and Defendant Lowe was arrested on an outstanding traffic warrant. (*Id.*) After Lowe's arrest, the police officers conducted an inventory search of the 2007 BMW, which contained Lowe's cell phone, in addition to bank documents pertaining to individuals other than Lowe. (*Id.*)

On October 28, 2010, Lowe was booked into Harris County Jail and then released. (Doc. 49 at 2.)

On November 18, 2010, the Government obtained a warrant to search Lowe's cell phone. (Doc. 63, Exh. 2.)

On November 22, 2010, Lowe, along with three codefendants, was indicted for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, aiding and abetting bank fraud in violation of 18 U.S.C. §§ 2 and 1344, and access device fraud in violation of 18 U.S.C. § 1029(a)(3).  (Doc. 9.)

On November 30, 2010, the Government performed an electronic search of Lowe's cell phone.  (Doc. 69 at 2.)

Lowe now asks the Court to suppress evidence seized during the inventory search of his car at the time of his arrest, as well as data obtained from his cell phone, including numerous text messages.  (Doc. 49.)  The Court held a suppression hearing on April 8, 2011.  (Docs. 55 and 67.)

II.  Standard of Review

Under the Fourth Amendment, warrantless searches are presumptively unreasonable. *Horton v. California*, 496 U.S. 128, 133 (1990).  "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.'"  *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  When a search is conducted without a warrant, the Government has the burden to establish that the search was justified under a recognized exception to the warrant requirement.  *United States v. Roberts*, 612 F.3d 306, 309 (5th Cir. 2010).

The law makes a distinction between an inventory of a vehicle's contents and the warrantless search of a vehicle solely for the purposes of investigation.  *Colorado v. Bertine*, 479 U.S. 367, 372 (1987).  "[I]nventory procedures serve to protect an owner's property while it is in

the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Id.* "[R]easonable police regulations relating to inventory procedures, administered in good faith, satisfy the Fourth Amendment . . . ." *Id.* at 374. A police officer's discretion when conducting a vehicle inventory must be "exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Florida v. Wells*, 495 U.S. 1, 4 (1990).

III.  Discussion

Lowe argues that his Fourth Amendment rights were violated by the search of his car without a search warrant. (Doc. 49 at 3.) The Government responds that a reasonable inventory search was conducted pursuant to Houston Police Department General Order #600-10. (Doc. 53 at 2.) This rule states, "Whenever an officer authorizes a nonconsent tow of a prisoner's vehicle, the officer will personally conduct an inventory of items in the vehicle including any and all containers not secured by a lock, and will complete a wrecker slip." (Doc. 63, Exh. 1.)

However, "[a]ntecedant to the question whether the inventory of the vehicle's contents [was reasonable] is the question whether the impoundment of the vehicle was itself an unlawful seizure." *United States v. Frank*, 864 F.2d 992, 1001 (3rd Cir. 1988). Lowe contends that common law requires that police surrender the vehicle of an arrested person to another party at the scene who has not been arrested. *Richards v. State*, 150 S.W.3d 762 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd.) Here, Vantoria Saxton, the other person at the scene who was not arrested, told the officers that she needed to get to the hospital in relation to her pregnancy. (Doc. 69 at 3.) At the hearing, Ms. Saxton gave testimony indicating that she was not insured to drive Lowe's car. (*Id.*) Finally, the officers observed that Lowe's car displayed expired dealer tags. (Doc. 66, Exh. 1.) Under these circumstances, the Court finds that the Houston Police

Department's impound and subsequent inventory search of Lowe's vehicle were reasonable.

Next, Lowe argues that the delay in obtaining a warrant to search his phone was an unreasonable interference with his possessory interest in the cell phone and his privacy interests in the personal information contained therein. (Doc. 49 at 4.) The Court finds there was plentiful probable cause to search Lowe's cell phone. (Doc. 69 at 5–8.) However, even when a seizure is based on probable cause, an unreasonable delay in obtaining a search warrant can render prolonged seizure of a suspect's property unreasonable. *United States v. Jacobsen*, 466 U.S. 109, 124 (1984) (holding that "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable seizures'").

Here, there was a twenty-one day delay between Lowe's release from custody on October 28, 2010 and the search warrant obtained on November 18, 2010. Whether a delay is reasonable is determined "in light of all the facts and circumstances" and "on a case-by-case basis." *United States v. Mayomi*, 384 F.2d 1049, 154 n.6 (7th Cir. 1989); *see also U.S. v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009). "[T]he reasonableness determination will reflect a 'careful balancing of governmental and private interests.'" *Soldal v. Cool County*, 506 U.S. 56, 71 (1992) (quoting *New Jersey v. T. L. O.*, 469 U.S. 325, 341 (1985)). In *Mitchell*, a twenty-one day delay in obtaining a search warrant for the defendant's computer was held unreasonable, but the only reason the agent gave for the delay in applying for the warrant was that he "didn't see any urgency of the fact that there needed to be a search warrant during the two weeks that [he] was gone" and that he "felt there was no need to get a search warrant for the content of the hard drive until [he] returned back from training." *Mitchell*, 565 F.3d at 1351.

In this case, Agent Oliver gave a detailed account of his actions in the days between

Lowe's arrest and the signing of the search warrant. In addition to drafting the warrant for the phone company and the phones themselves, agents were investigating bank account information found in Iba Lowe and his codefendant and brother Netfa Lowe's possession in order to prevent further losses to potential victims. Finally, prior to the search warrant being obtained, Lowe never asked for the return of his cell phone. There is therefore no reason to believe that the defendant's possessory interests in the cell phone were substantially interfered with. Unlike the extensive information that can be stored on a personal computer, the information stored on a cell phone is far more limited. The Court finds that the Government's interests in preventing further theft and obtaining evidence to prosecute the case outweigh the temporary interference with stored phone numbers that could have been obtained by other means, text messages that had already been read, and digital photos.

IV. Conclusion

Accordingly, it is hereby

**ORDERED** that Defendant Iba Mwangi Lowe's Motion to Suppress (Doc. 49) is **DENIED**.

SIGNED at Houston, Texas, this 12th day of May, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE